SANTOS *v*. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 17.—Decided November 18, 1908.

JURISDICTION—EXPRESS OR IMPLIED SUBMISSION OF PARTIES.—It is a well-established principle of the law governing jurisdiction that in all actions growing out of the maintenance of any suit, the court to which the litigants have expressly or tacitly submitted is competent to take cognizance of the suit, provided it has jurisdiction of the same class of business and in the same instance, and this principle is sanctioned by the provisions of sections 76 and 77 of the New Code of Civil Procedure.

ID.—DECLARATION OF HEIRS.—In accordance with the foregoing doctrine district courts have jurisdiction to hear and determine an action for the declaration of heirs brought before it, if the domicile of the deceased was not included within its district, nor the real estate left by the deceased therein situated.

The facts are stated in the opinion.

*Mr. Arce* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an appeal taken by Rafael Arce on behalf of and in the name of Rosendo Gumersindo Santos Rodríguez, who alleges that he is the heir of Asunción Rodríguez Díaz, from a decision of the Registrar of Property of Caguas, denying the record of the declaration of heirs of said Asunción Rodríguez Díaz, who is alleged to have died intestate.

In the proceedings instituted by Rosendo Gumersindo Santos Rodríguez for the declaration of the intestate heirs,

the District Court of Guayama rendered the following decision:

"*Whereas,* the petitioner prays that he and the other children and grandchildren of their predecessor in interest, Asunción Rodríguez Díaz, be declared the heirs of the latter, alleging that she died intestate in the city of Caguas, and without having left other legitimate heirs;

"*Whereas,* the sworn testimony of witnesses Juan Isern Jiménez and Diego Lizardí Echevarria, of age, residing in Caguas, and the certificates of the parish of Caguas, show that Asunción Rodríguez Díaz, of age, a former resident of Caguas, died in said city on October 13, 1896, without having left a will and leaving as her only heirs her legitimate children Juan Francisco, known as Juan, Luisa Rosalia, known as Rosalina, Francisco José, known as José, Francisco and Rosendo G., known as Gumersindo Santos Rodríguez, and her grandchildren, Juan José, Félix Ignacio and María Trinidad Ríos Aponte;

"*Whereas,* the petitioners have expressly submitted to the jurisdiction of this court, which is competent to take cognizance of the matter;

"*Therefore.* in view of the provisions of article 930 of the Spanish Code in force at the time of the death of the predecessor in interest, and section 19 of the act relating to special legal proceedings, approved March 9, 1905, the intestate heirs of the deceased Asunción Rodríguez Díaz are declared to be her five children named Juan Francisco, known as Juan, Luisa Rosalia, known as Rosalina, Francisco José, known as José Francisco and Rosendo G., known as Gumersindo Santos Rodríguez, and her three grandchilden, Juan José, Félix Ignacio and María Trinidad Ríos Aponte, in representation of the deceased Juana Josefa Aponte; and it is ordered that a certified copy of this decision issue to the persons interested for the proper purposes. Done at chambers, this 15th day of July, 1908. Luis Muñoz Morales, District Judge."

Counsel for said Rosendo Gumersindo Santos Rodríguez having obtained a duly certified copy of such declaration of heirs, he presented it in due form to S. Abella Baston, Registrar of Property of Caguas, for record in the registry of property; and the registrar refused to admit said document to record for the reasons set forth in the following decision placed at the end of certified copy, which reads as follows:

"Admission to record of the foregoing document is denied, because it contains the incurable defect that the declaration of heirs in favor of Juan Francisco, known as Juan, Luisa Rosalia, known as Rosalina, Francisco, known as José Francisco and Rosendo G., known as Gumersindo Santos Rodríguez, Juan José, Félix Ignacio and María Trinidad Ríos Aponte, was made by the District Court of Guayama and not by the District Court of Humacao, which is that of the last domicile of the deceased, Asunción Rodríguez Díaz, and the place where her property is located, and for this reason the court having jurisdiction to make the declaration of heirs in accordance with the provisions of section 19 of the act relating to special proceedings, approved March 9, 1905, and even though there exists a decision of the Supreme Court of Porto Rico of March 25, 1905, which decides a single case similar to this one, such a decision is not binding as a general principle because it does not constitute jurisprudence in the matter, as such decision relates to a question of jurisdiction in which it is assumed that all the parties interested in the matter submitted to the court which thought it had jurisdiction to take cognizance of matters of that character, and although it is doubtful in an *ex parte* matter of this character whether it can be determined *a priori* that all the parties have submitted to the jurisdiction of a certain court, it occurs also in this case that in the declaration of heirs referred to, the submission of all who have been declared heirs does not appear either, but only the submission of Gumersindo Santos Rodríguez, who appeared in the District Court of Guayama through his attorney, Arce. For which reason a cautionary notice has been entered effective for 120 days at folio 105 over, of volume 11 of this *ayuntamiento,* estate No. 259, duplicate record letter A, with the further curable defect that it does not appear from the document presented that the declaration of heirs referred to is final and that no appeal has been taken therefrom. Caguas, September 24, 1908. S. Abella Bastón, Registrar.''

From the foregoing decision of the registrar, Gumersindo Santos Rodríguez took an appeal to this Supreme Court, praying for a reversal thereof, and alleging that said registrar had applied the provisions of section 19 of the act relating to special legal proceedings, approved March 9, 1905, in too restricted a sense.

This case is substantialy similar to that of *Celestino Sola Rodríguez et al.* v. *The Registrar of Property of Caguas,* de-

cided by this court on March 25, 1905, 8 P. R. Rep., 205, in which case the Chief Justice, who delivered the opinion, expressed himself in the following categorical terms: "It is a general principle in matters of jurisdiction that a competent judge to take cognizance of suits to which the maintenance of actions of all kinds may give rise, is the one to whom the litigants expressly or impliedly submit, provided that he has jurisdiction of matters of the same nature and in the same instance, and this principle, established in section 56 of the former Law of Civil Procedure, the former providing that 'In accordance with its jurisdiction, a court shall have cognizance of the suits to which the maintenance of all kinds of actions may give rise, when the parties may have agreed to submit the suit to the decision of such court'; and the second that: 'The submission shall be understood to be made: 1. By the written agreement of the parties; 2. By the plaintiff through the mere act of applying to the court and filing the complaint; 3. By the defendant when, after his appearance in court, he takes any step other than to request that the trial be held in the proper court.' "

Therefore, all the parties interested being represented in the District Court of Guayama by Rosendo Gumersindo Santos Rodríguez, who appeared in said court through his attorney Rafael Arce, and no one having objected to the petition made to said court, the Judge of the District Court of Guayama must be considered competent to make the said declaration of heirs, and such declaration constitutes a deed which can be recorded in the registry of property, having, as it does, the requisites prescribed by articles two and three of the Mortgage Law.

Although the refusal of the registrar of property might strictly be considered as an unwarranted denial in view of the previous decision of this court to which he makes reference in his decision, which has also been transcribed above, nevertheless, this court is unwilling to consider his act such in this matter, and will decide all doubts in his favor in this case.

In view of the provisions of the various laws aforecited, and of others which it is unnecessary to transcribe or cite in this case, the decision of the Registrar of Property of Caguas placed at the foot of said certified copy of September 24, 1908, denying its record, is reversed and set aside, and it is hereby ordered and declared that said document be recorded in the registry of property; and that said Registrar of Property of Caguas record it without delay; without any special taxation of costs in these proceedings; and it is ordered that the documents presented be returned to the said registrar together with a certified copy of this decision, for strict compliance therewith, and the other proper purposes.

*Reversed.*

Justices Hernández, Figueras and Wolf concurred.

Chief Justice Quiñones did not take part in the hearing of this case.